USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/6/13

OFFICE COPY

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019-6799

212-506-1700

FACSIMILE: 212-506-1800

ADAM S. ZIFFER
AZIFFER@KASOWITZ.COM
212-506-3322

ATLANTA
HOUSTON
MIAMI
NEWARK
SAN FRANCISCO

February 1, 2013

**Via Email**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re: *Certain Underwriters at Lloyd's, London v. Convergys Corporation, et al.*, 12-cv-8968 (JMF)

Dear Judge Furman:

      We represent Defendants Convergys Corporation and Convergys Customer Management Group, Inc., in the above-captioned matter and write in response to the Court's Order dated January 25, 2012. Upon review of Plaintiffs' January 25, 2012 letter, the authorities cited therein, and other relevant authorities, we have determined that there is good cause why this Court has subject matter jurisdiction over the above-captioned matter.

      Plaintiffs' statement that dozens of the individual Plaintiff "Names" in the Lloyd's Syndicates do not satisfy the amount-in-controversy requirement indicates that, of the more than 1,000 "Names," many do satisfy the requirement. As at least one of the (all diverse) Plaintiffs satisfies the amount-in-controversy requirement, the Court is permitted to exercise supplemental jurisdiction over claims of those Plaintiffs that do not satisfy the amount-in-controversy requirement, inasmuch as all claims are part of the same case or controversy. 28 U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (where "at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article II case or controversy, even if those claims are for less than the jurisdictional amount"). In *Exxon Mobil*, the Supreme Court expressly overruled its earlier decision of *Clark v. Paul Grey, Inc.*, 306 U.S. 583 (1939), and eliminated the rule that plaintiffs asserting separate claims each had to satisfy the amount-in-controversy requirement. 545 U.S. at 566-67.

      Following *Exxon Mobil*, the Second Circuit has recognized that where at least one claim meets the amount-in-controversy requirement, the court may exercise supplemental jurisdiction over other claims that do not, if they are part of the same case or controversy. *See Merrill Lynch*

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The Honorable Jesse M. Furman
February 1, 2013
Page 2

*& Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 178-79 (2d Cir. 2007) ("[Section] 1367(a) permits the exercise of supplemental jurisdiction over claims asserted by additional diverse plaintiffs, whether or not such claims meet the amount-in-controversy requirement"); *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 334 (2d Cir. 2006) (where at least one diverse plaintiff meets the amount-in-controversy requirement, "supplemental jurisdiction exists over the claims of the remaining diverse plaintiffs."); *cf.* 16-107 *Moore's Federal Practice – Civil*, Basis of Removal Jurisdiction, § 107.14[2][g][iv] (Matthew Bender p Ed.) ("[U]nder the supplemental jurisdiction statute, when at least one named plaintiff satisfies the amount-in-controversy requirement (and the other elements of jurisdiction are present), a district court may exercise supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional minimum for diversity jurisdiction.") (citing 28 U.S.C. § 1367; *Exxon Mobil*, 545 U.S. at 549).[1]

While Plaintiffs cite a decision indicating that each "Name" must satisfy the amount-in-controversy requirement, *Certain Underwriters at Lloyd's of London v. Ill. Nat'l Ins. Co.*, 09 Civ. 4418 (LAP), 2012 U.S. Dist. LEXIS 141798, at *4 (S.D.N.Y. Sept. 24, 2012), that proposition derives from a ruling that predates *Exxon Mobil* and is otherwise distinguishable. In *Illinois National Insurance Co.*, certain plaintiffs lacked the diversity of citizenship with certain defendants necessary for supplemental jurisdiction to be potentially applicable, and the parties did not dispute that diversity jurisdiction was lacking. *Id.* at *5-*6. As to its statement that each "Name" must satisfy the amount-in-controversy requirement, the *Illinois National* court relied on *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 160 F.3d 925, 933 (2d Cir. 1998). However, *Squibb*, which predated *Exxon Mobil*, expressly acknowledged that its interpretation regarding the amount-in-controversy requirement was subject to possible modification by § 1367, an issue that, as of 1998, "the Supreme Court has never considered." 160 F.3d at 933, 934. *Squibb*'s question as to whether the Supreme Court would rule that § 1367 permitted supplemental jurisdiction over claims by "Names" that did not satisfy the amount-in-controversy requirement was answered affirmatively by *Exxon Mobil*.

Therefore, this Court has the power to exercise supplemental jurisdiction over claims by any "Name" that does not independently meet the amount-in-controversy requirement. While this power is discretionary, the 28 U.S.C. § 1367(c) factors do not weigh against exercising supplemental jurisdiction. This declaratory judgment action does not raise a novel or complex issue of state law. Nor does one claim over which this Court would be exercising supplemental jurisdiction substantially predominate. The substantive nature of the claims is all the same, and

---

[1] *Exxon Mobil* indicated that its holding would apply equally in the context of removal. 545 U.S. at 563-64 ("a district court has original jurisdiction of a civil action for purposes of § 1441(a) as long as it has original jurisdiction over a subset of the claims constituting the action" . . . which applies "to cases involving additional parties whose claims fall short of the jurisdictional amount.") (citing *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165-66 (1997)).

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

The Honorable Jesse M. Furman
February 1, 2013
Page 3

on a quantitative basis, by definition, the claims of those "Names" who satisfy the amount-in-controversy requirement necessarily predominate over the claims that do not.

    As this Court may exercise original and supplemental jurisdiction under 28 U.S.C. §§ 1332 and 1367 over all claims in this case, removal of this action was proper and remanding this case to the New York Supreme Court under 28 U.S.C. § 1447(c) would not be appropriate.

Respectfully Submitted,

Adam Ziffer

cc: Robin Cohen, Esq.
    Mary Kay Vyskocil, Esq.
    Bryce L. Friedman, Esq.
    Megan E. Cannella, Esq.
    Simpson Thacher & Bartlett LLP
    425 Lexington Avenue
    New York, New York 10017

Plaintiffs shall file a letter responding to this, not to exceed five pages, no later than February 12, 2013.

SO ORDERED.

February 6, 2013